## THE STATE OF NEW JERSEY v. THE NEWARK AND NEW YORK RAILROAD COMPANY.

In an action founded on an act of the legislature entitled "An act to lease certain lands of the state to the Newark and New York Railroad Company, and to enlarge the powers of said company," an averment that the defendants *accepted the said act*, necessarily implies that they accepted and agreed to the provisions of the lease embodied in the act, and is sufficient, without showing the particular facts relied on, to prove the acceptance.

In debt. On demurrer to declaration.

Argued before the CHIEF JUSTICE, and BEDLE, SCUDDER, and WOODHULL, Justices.

In support of the demurrer, *B. Williamson* and *F. T. Frelinghuysen.*

Contra, *Attorney-General.*

The opinion of the court was delivered by

WOODHULL, J. The question raised by the demurrer in this case is simply whether the declaration shows any legal obligation on the defendants to pay to the state the money, or any part of it, therein demanded.

The action is in debt, and is founded on an act of the legislature of this state, approved on the 11th day of April, 1867, entitled "An act to lease certain lands of the state to the Newark and New York Railroad Company, and to enlarge the powers of said company."

The first count sets forth that "it was enacted by the said legislature that the said state did thereby lease to the said defendants, for the term of fifty years from the date of said act, all the lands bounded as follows: Beginning," &c.; "and did grant to the said defendants the privilege of occu-

VOL. V.                    T

pying the same for the purposes of their railroad," &c.; and that "it was thereby further enacted that the said lease was made upon the express condition, that the defendants should pay into the treasury of the said state of New Jersey annually, on the 1st day of April of each year thereafter during said lease, the sum of $5,000; and that it was thereby further enacted that the said act should take effect immediately;" concluding with the averment that the defendants *accepted the said act*, and "that by force and effect of the said act, and by means of the premises aforesaid," &c., "there became due and was payable to the plaintiff from the defendants the sum of $5,000," &c.

Does it appear from this statement of the plaintiff's cause of action that the defendants are legally bound to pay anything to the state?

It was insisted, on the part of the defendants, that if any such liability appears at all, it can be found only in the averment that the defendants accepted the act.

That there is nothing in the nature of the transaction stated, nor any other averment than this of acceptance, which could have the effect of fixing the defendants with the character and liabilities of lessees; and further, as to the averment that the defendants accepted the act, it was insisted: 1. That the word *accepted*, as applied to an act of the legislature, having no fixed legal signification, is not sufficient to show that the defendants agreed or consented to assume the position, of lessees under the act; and 2. That there could be no acceptance of the act unless in writing and under the seal of the company; and that such an acceptance ought to have been alleged in this declaration.

Assuming what cannot be controverted—that the legislature had no power, and could not have intended to make a contract for these defendants, and to bind them as lessees, without their consent, express or implied—it follows that such consent must appear on the face of the declaration. For it is a fundamental rule of pleading that the plaintiff

must allege in his declaration *all that is essential* to his right of action. *Gould's Pl., ch.* 4, § 7.

On the part of the state it is urged that if in no other way, such consent certainly does appear from the averment that the defendants *accepted the act.*

The first question to be determined is, as to the legal effect and meaning of this averment.

It may be admitted that the word *accepted* has no fixed technical signification as applied to an act of the legislature; and yet it can hardly be doubted, that, as applied to an act of this character—to the charter of a private corporation or a supplement to such a charter, which this act seems in effect to be—this word is, and has been, commonly used to signify assent and agreement to all the terms and provisions contained in such act or charter. This is its usual and natural meaning, and in this sense it must be understood in this declaration, unless it will bear some other sense more favorable to the defendants. For if there is any other sense in which the averment in question may be fairly understood, the defendants may insist upon that sense as against the state. *Gould's Pl., ch.* 3, § 54, *and cases cited; Steph. Pl.* 378, *and n.* 29.

But as the very purpose of the act was to make this lease; as the powers of the company were enlarged simply with a view to their acceptance of the lease, and only so far as was necessary to enable them to enjoy its advantages; and as the lease and its provisions constitute the entire body of the act, so that if these are taken away there is nothing left, I am wholly unable to understand how the defendants could, in any fair or rational sense, accept the act, and not at the same time accept and agree to the provisions of the lease.

It was further insisted on the part of the defendants, that there could be no valid acceptance of the act unless it was in writing and under the seal of the company; and that the state was, therefore, bound to allege *such* an acceptance.

But admitting it to be true that the acceptance, to be valid,

must have been in writing and under seal, it does not follow that these circumstances must be alleged in the declaration.

If they are in fact necessary, as the counsel for the defendants insist, to constitute a legal acceptance of the act, to admit that the defendants accepted the act, necessarily implies that they accepted with these essential circumstances—just as the averment of a feoffment implies livery of seisin; or as the averment of a surrender implies that the lessor entered. 1 *Chitty's Pl.* 253.

In the same book it is said—referring to 2 *Saund.* 305, *n.* 13—"In pleading an acceptance by a corporation of an assignee of the lessee as tenant, it is not necessary to show that the acceptance was by deed, for an acceptance being pleaded, everything that would render it a good acceptance is implied." *Chitty's Pl.* 253.

But I do not understand the rule to be, either in England or in this country, that the acceptance of a charter—to which the acceptance alleged here seems clearly analogous— to be binding must be by writing and under seal. In the case of *Rex* v. *Hughes*, 7 *B. & C.* 708, (14 *E. C. L.* 111,) the question was as to the form under which the burgesses of Stafford were bound to signify their assent to the charter, &c.; and Lord Tenterden, C. J., upon that point, says: "It has long been the received opinion that there must be an acceptance, but the mode of proving it has always been left open. In general, the acceptance of a charter has been proved by evidence of acting under it."

And Bayley, J., upon the same point, says there had been a valid acceptance by "a majority of the burgesses signifying their acceptance of the charter, either in writing or by acting under it."

And Littledale, J., in the same case, says: "I am of opinion that any unequivocal act of the parties showing their assent to accept and be governed by the charter is sufficient."

In *Angell & Ames on Corporations* it is said: "It is not indispensable to show a written instrument, or even a vote

of acceptance; and there may be many instances in which an acceptance can be inferred." See also *Bank of U. S. v. Dandridge*, 12 *Wheat.* 71, and other American cases cited in *Angell & Ames on Corporations*, § 83 and in *Abb. Dig. L. Cor.* 147–148.

This question, however, does not appear to be necessarily involved in the decision of this case.

For if the fact of acceptance is sufficiently alleged, as I think it is, the effect of the demurrer is to admit it; and such admission disposes of the case, without determining what kind of acceptance the state will be bound to prove in order to maintain the action.

The first and fourth counts, which allege acceptance by the defendants, being good, there must be judgment on the demurrer for the state.